IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NOS. 3:05CR122(1) |
| | | 3:07CR013 |
| v. | : | |
| | | JUDGE WALTER HERBERT RICE |
| RANDALL AARON DAVIDSON, | : | |
| | | PLEA AGREEMENT |
| Defendant. | : | |

---

It is hereby agreed by and between defendant **RANDALL AARON DAVIDSON**, individually and through his attorney, Anthony S. VanNoy, Esq., and the United States, by counsel as follows:

1. The defendant, **RANDALL AARON DAVIDSON**, will enter a plea of guilty to Counts 2 and 9 of a 14-Count Indictment (including the associated forfeiture counts) filed against this defendant on September 14, 2005 in Case No. 3:05CR0122. Count 2 of said Indictment alleges Bankruptcy Fraud in violation of 18 U.S.C. §§ 152(8) and 2. Count 9 of said Indictment alleges Conspiracy to Launder Money in violation of 18 U.S.C. § 1956(h). The defendant **RANDALL AARON DAVIDSON**, will also enter a plea of guilty to a single-count Bill of Information. charging him with Attempt to Evade and Defeat Payment of Income Tax, in violation of 26 U.S.C. § 7201. Once said guilty pleas are entered and not withdrawn, the United States Attorney for the Southern District of Ohio agrees to dismiss with prejudice at the time of sentencing, Counts 1, 3-6, and 10-14 in the said 14-Count Indictment. The maximum statutory penalty that defendant **RANDALL AARON DAVIDSON** is subject to pursuant to his plea of guilty to Count 2 of the Indictment is: up to 5 years imprisonment, a fine in the amount of $250,000, three years of

1

supervised release, and payment of a $100 special assessment to the Clerk of Court as required by 18 U.S.C. § 3013. The maximum statutory penalty that defendant **RANDALL AARON DAVIDSON** is subject to pursuant to his plea of guilty to Count 9 of the Indictment is: up to 30 years imprisonment, a fine in the amount of $1,000,000 or twice the value of the property involved, five years of supervised release, and payment of a $100 special assessment to the Clerk of Court as required by 18 U.S.C. § 3013. The maximum statutory penalty that defendant **RANDALL AARON DAVIDSON** is subject to pursuant to his plea of guilty to a single-count Bill of Information is: up to 5 years imprisonment, a fine in the amount of $100,000, three years of supervised release, payment of a $100 special assessment to the Clerk of Court as required by 18 U.S.C. § 3013, and the costs of prosecution.

2. The defendant understands that this Agreement, which permits a guilty plea to Counts 2 and 9 of the Indictment and a single-count Bill of Information, requires him to abide by each and every term of this Agreement. The defendant further understands that if he makes any statement that is later determined to be materially false in whole or in part, or otherwise fails to comply with any term of this Agreement, the United States has the right to declare this Agreement null and void and to prosecute the defendant to the full extent of the law.

3. The United States and the defendant jointly stipulate and recommend to the Court that the estimated intended loss calculated for U.S.S.G. § 2B1.1(b)(1) purposes is $13.1 million.

4. The United States Attorney recommends to the Court that as of the time of the execution of this Plea Agreement the defendant has accepted full responsibility for the offense to which he has agreed to plead guilty. If the defendant continues to accept responsibility through the time of sentencing, the United States will file a motion pursuant to U.S.S.G. §3E1.1(b) stating to

2

the District Court that the defendant has timely notified authorities of his intention to plead guilty. Further, the Government will recommend that the defendant be given a 2 point adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). The defendant understands that the Court is not bound to accept the United States' recommendations contained in this paragraph. If the Court does not accept the recommendations contained in this paragraph, the defendant understands that he will not be allowed to withdraw his guilty plea.

5. The defendant is aware that the U.S.S.G. and its Policy Statements are no longer mandatory in determining his sentence. However, the defendant also understands that said guidelines and policy statements will be given due consideration by the Court, in conjunction with all other sentencing factors set forth in 18 U.S.C. §3553(a), to determine the appropriate sentence, pursuant to United States v. Booker, 125 S.Ct 738 (2005). The defendant is further aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set forth for the offense to which the defendant pleads guilty. The defendant is aware that the Court has not yet determined a sentence. The defendant is also aware that any estimate of the probable sentencing range under the U.S.S.G. that the defendant may have received from his counsel, the United States, or the probation office, is merely a prediction, not a promise, and is not binding on either the United States, the U.S. Probation Office, or the Court. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw his guilty plea based upon the actual sentence imposed.

6. The defendant understands that this Agreement does not protect him from any later prosecution for perjury, making a false statement, obstruction of justice, or any other such criminal charges based on any conduct that may occur after the date of this Agreement.

3

7. No promises have been made to the defendant that he will receive probation or that he will receive a lighter sentence on account of his plea of guilty. The sentence in this case will be determined and imposed exclusively by the Court. There is no agreement as to what that sentence will be. The defendant understands that the U.S.S.G. is advisory and not mandatory, although the Court is required to consider the Sentencing Guidelines and their application to this case in imposing sentence. Sentencing is left to the sound discretion of the Court. The defendant understands that the Court may or may not choose to impose a sentence based on the applicable sentencing range under the U.S.S.G. for the offense charged in the Bill of Information. The defendant has thoroughly reviewed with his attorney how the U.S.S.G. might apply to this case. The defendant understands that he does not have the right to withdraw his guilty plea if the Court chooses to apply the U.S.S.G. including upward departures or otherwise imposes a sentence that is higher than expected. The defendant further understands that the matter of sentencing is reserved solely to the discretion of the Court and the Court could lawfully impose the maximum penalty.

8. If, in the opinion of the United States Attorney for the Southern District of Ohio, the defendant **RANDALL AARON DAVIDSON** renders "substantial assistance" within the meaning of U.S.S.G. § 5K1.1, the United States will file a motion pursuant to this provision. The defendant acknowledges that, under the law and the terms of this plea agreement, the United States retains sole and complete discretion in determining whether a departure motion based on "substantial assistance" will be filed. If such a motion is filed, the defendant understands that it is not binding on the Court, that is, the Court is not obligated to grant the motion and reduce the defendant's sentence. If the defendant refuses to testify or otherwise provide complete, truthful cooperation, the Government may seek to set aside the defendant's plea and seek an Indictment in this case. The defendant understands that the duty to continue to provide complete, truthful cooperation may be imposed by

4

the Court as a condition of probation or supervised release. If the Court should impose such a condition, the defendant understands that his probation or supervised release could be revoked if he fails to continue to provide truthful, complete cooperation to the United States. Nothing that the defendant communicates to the Government in the course of providing "substantial assistance" shall be used to enhance his sentence. The defendant understands that he will not be allowed to withdraw his guilty plea if the United States does not file or the Court does not grant a "substantial assistance" motion. The defendant understands that Federal Rule of Criminal Procedure 35(b) allows the Government to file a "substantial assistance" motion within one year after the sentence is imposed. The Government will consider the filing of a Rule 35(b) "substantial assistance" motion if the defendant fails to provide substantial assistance, but later satisfies the requirements of § 5K1.1. The United States retains sole and complete discretion to determine whether a Rule 35(b) "substantial assistance" motion should be filed.

9. The parties hereby state that the charge to which the defendant is pleading guilty adequately reflects the seriousness of the readily provable actual offense behavior, and that the acceptance of this Agreement by the Court will not undermine the statutory purposes of sentencing.

10. The defendant agrees to pay a $300.00 special assessment ($100.00 for each of the three counts to the defendant intends to plead guilty) to the Clerk of the United States District Court no later than the date of his sentencing.

11. By signing this document, the defendant acknowledges the truth of the attached Statement of Facts.

12. The defendant agrees that he will file, prior to his sentencing, all personal federal tax returns for the years 2001, 2002, 2003, 2004 and 2005 which correctly report all previous unreported income. In addition, the defendant will provide the civil agents of the Internal Revenue Service

5

information regarding the years covered by these returns, and will pay additional taxes, penalties and interest which are due and owing. Nothing in this agreement should be construed to foreclose the Internal Revenue Service from examining and making adjustments to these returns after they are filed. The defendant further agrees not to file any claims for refund of taxes, penalties, or interest for amounts attributable to the returns filed incident to this plea.

13. The defendant hereby consents to the entry, pursuant to 18 U.S.C. § 982(a)(1), of a Forfeiture Money Judgment in the amount of money involved in the conspiracy to commit money laundering offense in Count 9. The defendant and the United States agree that a Forfeiture Money Judgment, in the amount of $ 13,100,000, should be ordered. Defendant understands that forfeiture is part of the sentence imposed as a result of his conviction on Count 9, and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted. The defendant agrees that in the event the Court enters a Forfeiture Money Judgment in any amount different than that listed above, he will not be allowed to withdraw his guilty plea. The defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to the entry of a Forfeiture Money Judgment. The defendant agrees that the forfeiture of any of his property in satisfaction of the above money judgment, shall not be treated as satisfaction of any fine, restitution, special assessment, or any other penalty the Court may impose on the defendant. The parties agree that thirty (30%) of the aforesaid forfeited funds are to be provided to the Ohio Organized Crime Investigations Commission Task Force which was assigned to investigate this case.

14. This written Agreement embodies all of the agreements and understandings reached between the United States Attorney and the defendant. No conversations, discussions, understandings, or other documents extraneous to the Agreement shall be considered part of this Agreement. By signing this Plea Agreement, defendant **RANDALL AARON DAVIDSON** acknowledges that he has discussed its terms with his attorney and understands and accepts those terms.

15. This agreement binds only the United States Attorney's Office for the Southern District of Ohio and does not bind any other federal, state or local prosecuting authority.

GREGORY G. LOCKHART
United States Attorney

*[signature]*      9 FEB 2007
DWIGHT K. KELLER     Date
Assistant United States Attorney

*[signature]*     2-9-07
ANTHONY S. VANNOY, ESQ.     Date
Attorney for RANDALL AARON DAVIDSON

*[signature]*     FEBRUARY 9, 2007
RANDALL AARON DAVIDSON     Date
Defendant

7

## STATEMENT OF FACTS

## UNITED STATES vs. RANDALL AARON DAVIDSON

### FACTS RELEVANT TO COUNT 2 OF THE INDICTMENT

On or about August 8, 2002, in the Southern District of Ohio, a person identified to the Grand Jury as "S.W." filed a bankruptcy petition pursuant to Chapter 7 of Title 11, United States Code, and styled "In the matter of S.W., Debtor," Bankruptcy Docket No. 02-35816. After the filing of this petition, the defendant RANDALL AARON DAVIDSON and Mary J. Donaldson knowingly collaborated in devising a fraudulent scheme and artifice to defraud "S.W." of her legal ownership in real property located at 1503 Viewpoint Drive, Beavercreek, Ohio. In order to accomplish this end, the defendant knowingly, willfully and unlawfully caused "S.W.'s" signature to be forged as grantor on a general warranty deed which was later falsely notarized. On or about September 6, 2002, the defendant RANDALL AARON DAVIDSON caused this false and fabricated general warranty deed to be recorded in the official land records maintained by the Greene County, Ohio Office of Recorder. The information contained in this general warranty deed directly related to both the property and financial affairs of the debtor, "S.W."

### FACTS RELEVANT TO COUNT 9 OF THE INDICTMENT

Between on or about October 22, 1998 and September 15, 2005, in the Southern District of Ohio, and elsewhere, the defendant RANDALL AARON DAVIDSON intentionally, knowingly and unlawfully combined, conspired, confederated and agreed with other persons to include Mary J. Donaldson, Michael McWhirter, Jocelyn Hammond, Ronald Waker, Greg Chew and others, both known and unknown to the Grand Jury, to knowingly, intentionally, and

1



unlawfully conduct certain financial transactions, that affected interstate commerce. The defendant RANDALL AARON DAVIDSON, and his co-conspirators were fully aware and knowledgeable that these various financial transactions involved proceeds of specified unlawful activities, to include: mail fraud, wire fraud and making false statements on mortgage loan applications. These financial transactions were conducted with the intent to promote the carrying on of mortgage fraud and other specified unlawful activities to include: mail fraud, wire fraud and making false statements on mortgage loan applications. In order to accomplish the objectives of this criminal conspiracy, the defendant and his co-conspirators caused hundreds of fictitious, forged and fraudulent documents including: agreements to sell real estate, Uniform Residential Loan Applications (Form 1003) and U.S. Department of Housing and Urban Development Form HUD-1 Settlement Statements to be prepared and forwarded to various FDIC insured financial institutions located throughout the United States. These fraudulent documents were relied upon by these financial institutions in granting mortgage loans effecting hundreds of residential and rental properties located throughout the Southern District of Ohio and elsewhere.

## FACTS RELEVANT TO COUNT 1 OF THE BILL OF INFORMATION

During calendar year 2002, defendant RANDALL AARON DAVIDSON was a resident of Beavercreek, Ohio which lies within the Southern District of Ohio. During calendar year 2002, the defendant received taxable income of at least $1,015,000. On or about April 15, 2003, approximately $359,519.00 in income tax was due and owing from the defendant for calendar year 2002. The defendant attempted to evade or defeat payment of this tax. In attempting to evade or defeat such tax, the defendant acted willfully, voluntarily and purposefully in concealing and attempting to conceal from all proper officers of the United States of America his true and

2

correct income, sources of income, and assets. The defendant generated false and fraudulent entries on invoices, and various HUD 1 settlement forms. Despite filing previous personal income tax returns and filing and receiving income tax identification numbers for his business enterprises, the defendant intentionally refused to file a tax return for calendar year 2002 tax return.